## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY J. CUNNINGHAM, SR.,** | ) | |
| **#R05718,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 17−cv−0124−SMY** |
| **vs.** | ) | |
| | ) | |
| **JOHN DOES 13-18,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Cunningham, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  In the relevant portions of his Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issue and deprived him of certain items for a period of time, in violation of the Eighth Amendment.  (Doc. 2).  This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

Only portions of the Complaint (Doc. 2) are relevant in this case, as the Complaint was subject to a Severance Order (Doc. 1) entered in Case No. 16-cv-01360-MJR ("Related Case"). In the Order, Plaintiff's claims at issue here (Counts 5 and 6) were severed from several unrelated claims in the Complaint.  (Doc. 1).

In the portions of the Complaint relevant to Counts 5 and 6, Plaintiff makes the following allegations:   Plaintiff suffered a heart attack in his cell on October 5, 2014 at Lawrence Correctional Center.  (Doc. 2, p. 8).  John Does 13 through 18, *i.e.*, the officers on 6 house working that day, ignored the panic button and Plaintiff waited 45 minutes for medical assistance.  (Doc. 2, pp. 8-9).  Plaintiff was taken to health care after his heart attack, where writing materials and hygiene supplies were withheld from him for 26 days.  (Doc. 2, p. 9).  He was unable to brush his teeth, comb his hair, or wash his face.  *Id.*  He was, however, provided a towel, washrag, and shampoo to use as soap when he showered.  *Id.*  Plaintiff does not name the

officers who withheld these materials from him.  *Id.*

## Discussion

Based on the allegations of the Complaint, the Court severed the following two counts, Counts 5 and 6, from the Related Case.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 5 –**   John Does 13-18 were deliberately indifferent to Plaintiff's heart attack in violation of the Eighth Amendment when they failed to respond to his panic button for 45 minutes.

**Count 6 –**   Plaintiff was deprived of hygiene items and writing supplies while in the health care unit in violation of the Eighth Amendment.

As discussed in more detail below, Count 5 will be allowed to proceed past threshold and Count 6 will be dismissed.  Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 5

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  The Eighth Amendment requires a defendant to take "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

3

A heart attack presents a serious medical condition that should prompt a prison official to seek medical attention for the affected prisoner.  In the scenario Plaintiff describes, it appears that none of the defendants were immediately aware of the nature of his emergency, because they delayed responding to the panic button call for help for 45 minutes.  This failure to act may constitute deliberate indifference, depending on whether the officers were aware of the fact that Plaintiff's panic button had been pressed.

Further factual development will be necessary to determine whether Plaintiff has a viable deliberate indifference claim against the John Does 13-18 who were on duty on 6 house on the day Plaintiff had a heart attack.  Count 5 shall thus remain in the action at this time.  However, Plaintiff must identify these defendants by name in order to proceed with this claim.

### Count 6

Plaintiff's claims in Count 6 cannot proceed, however, as Plaintiff has failed to associate any defendants with the alleged deprivations.  Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).  This is so defendants can properly answer the complaint.  *Id.* (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Because Plaintiff has failed to associate any defendants with his claims in Count 6, those claims must fail.  Moreover, even had Plaintiff done so, he has failed to state a claim upon which relief may be granted with respect to these claims.  Not all prison conditions trigger Eighth Amendment scrutiny—only serious deprivations of basic human needs such as food, medical

care, sanitation, or physical safety.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  A lengthy deprivation of essential items such as toilet paper, toothpaste/toothbrush, and soap, that leaves an inmate unable to care for his most fundamental needs and puts his health in jeopardy, may rise to the level of a constitutional harm.  On the other hand, prisoners do not have a constitutional right to own their preferred hygiene items or cosmetics.  *See Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (denial of toilet paper for five days, and lack of soap, toothbrush, and toothpaste for ten days, was unpleasant but did not violate the Constitution).

Here, Plaintiff alleges that while he was being held in the Health Care Unit after his heart attack, "officers withheld writing materials and basic hygiene items for 26 days."  (Doc. 1, p. 9). He claims that he was unable to brush his teeth, comb his hair or wash his face during this time. He also complains about the loss of his razors.  *Id.*  However, Plaintiff was given a towel, washrag, and soap in the form of shampoo to use while showering.  Thus, he was able to clean himself to some degree while he was at the Health Care Unit.  *Id.* Additionally, Plaintiff does not allege that he suffered physical harm as a result of the defendants' failure to provide him with his preferred hygiene supplies.

With respect to Plaintiff's allegation that he was deprived of writing materials, it is unclear exactly what type of claim he is attempting to bring.  If Plaintiff considers this alleged deprivation an Eighth Amendment violation, writing materials are hardly basic human needs, so such a claim would be unavailing.  If Plaintiff is claiming that his right to access the courts was violated, he has not alleged an actual or threatened detriment to any litigation, which is an essential element of a § 1983 action for denial of access to the courts.  *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990); *see also Kaufman v. McCaughtry,* 419 F.3d 678, 686 (7th Cir.

2005); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987).

It is possible that Plaintiff intends to assert a First Amendment claim based on his inability to send mail.  The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail, particularly legal mail.  *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safely*, 482 U.S. 78 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[a] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system").   Content-based restrictions upon a prisoner's exercise of his First Amendment rights are particularly concerning.  *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (discussing the parameters of a prisoner's First Amendment rights to mail and noting that a non-content based claim of minor interference with mail typically does not state a claim grounded in the First Amendment).  A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000).  This includes a prisoner's claim of ongoing interference with his legal mail.  *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304 (7th Cir. 1993).  This also includes a prisoner's claim that his legal mail was opened, delayed for an inordinate period of time, and even lost. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).

Plaintiff has failed to indicate the circumstances under which he was deprived of writing materials and has failed to allege facts that might establish fault for such a deprivation.  He merely notes that officers "withheld" writing materials from him, though he does not indicate whether he even asked for such materials.

Because Plaintiff has failed to provide facts that would indicate he suffered a serious deprivation of essential hygiene items that endangered his health, has failed to allege facts

sufficient to state a claim based on a temporary deprivation of writing materials, and has failed to claim any particular defendants were responsible for the alleged deprivations in Count 6, it will not be allowed to proceed.  Count 6 will be dismissed without prejudice.

### Identification of Unknown Defendants

As previously noted, Plaintiff shall be allowed to proceed with Count 5 against the unknown defendants, John Does 13-18.  These individuals must be identified with particularity before service of the amended complaint can be made on them.  Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, Lawrence Correctional Center's current warden shall be added as a defendant, in his or her official capacity only, for the purpose of responding to discovery (informal or formal) aimed at identifying these unknown defendants.  Guidelines for discovery will be set by the United States Magistrate Judge.  Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Clerk is directed to **ADD** the current **LAWRENCE CORRECTIONAL CENTER WARDEN**, in his or her official capacity, as a defendant in this action for the sole purpose of responding to discovery aimed at identifying the unknown defendants (*i.e.*, John Does 13-18) with specificity.

**IT IS HEREBY ORDERED** that **COUNT 5** shall **PROCEED** against **JOHN DOES**

**13-18**.

 **IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

 **IT IS ORDERED** that the Clerk of Court shall prepare for **LAWRENCE CORRECTIONAL CENTER WARDEN (official capacity only)** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to this defendant's place of employment as identified by Plaintiff.   If this defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

 Service shall not be made on **JOHN DOES 13-18** until such time as Plaintiff has identified them by name in a properly filed motion for substitution.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

 With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

 Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is

entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 22, 2017**

s/ STACI M. YANDLE

**U.S. District Judge**