IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-124-SMY |
| MICHAEL DUNLAP, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy J. Cunningham, Sr., an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated by Defendant Michael Dunlap while he was incarcerated at Lawrence Correctional Center ("Lawrence"). This Court adopted Judge Daly's Report and Recommendation and granted Defendant's Motion for Summary Judgment on November 1, 2019 (Doc. 51). Plaintiff now moves for leave to file a second amended complaint and to reopen this closed case (Docs. 53, 54, and 59). For the following reasons, the motions are **DENIED**.

Once a court enters final judgment dismissing a case, a plaintiff cannot amend under Rule 15(a) unless the judgment is modified, either by the court under Rule 59(e) or 60(b), or on appeal. *NewSpin Sports, LLC v. Arrow Elecs., Inc.,* 910 F.3d 293, 310 (7th Cir. 2018), *reh'g denied* (Jan. 4, 2019). A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later filed motions will be construed under Rule 60(b). *Mares v.*

*Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Here, Plaintiff's motions were filed within 28 days of the entry of the November 1, 2019 Judgment. Therefore, the Court analyzes his motion under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought pursuant to a Rule 59(e) motion is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In this case, Plaintiff did not file an objection to Judge Daly's Report and Recommendation. Instead, almost a month after the Court entered Judgment, Plaintiff now seeks to amend his Complaint to include Thomas Welsh as a defendant. Plaintiff asserts that he inadvertently failed to identify Welsh as a defendant in his First Amended Complaint, even though he had been provided with Welsh's name in June 2018. He claims that it was not until he received Judge Daly's Report on October 15, 2019 that he realized Welsh had not been named as a defendant.

Plaintiff's delayed realization neither constitutes newly discovered evidence nor a manifest error of law or fact committed by the Court. Accordingly, the motions for leave to amend and to reopen this case are **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 16, 2020**

**STACI M. YANDLE**
**United States District Judge**